Filed 11/18/20  P. v. Linsalato CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER JOHN LINSALATO,<br><br>    Defendant and Appellant. | 2d Crim. No. B303159<br>(Super. Ct. No. KA120365)<br>(Los Angeles County) |

Alexander John Linsalato appeals a judgment following conviction of three counts of resisting an executive officer, and one count of felony vandalism, with findings that he served two prior prison terms.  (Pen. Code, §§ 69, 594, subd. (a), 667.5, subd. (b).)[1]  We modify the judgment to strike the prior prison term enhancements, but otherwise affirm.

---

    [1] All statutory references are to the Penal Code unless stated otherwise.

*FACTUAL AND PROCEDURAL HISTORY*

In the late afternoon of March 2, 2019, Linsalato tried to open the locked lobby door of the Azusa Police Station. Following his unsuccessful attempt, he threw rocks and trash at the door before walking away.

Police Officers Fernando Vasconcelos, Benjamin Cypher, and Matthew Decaro pursued Linsalato as he walked, then ran, into a parking lot. The officers ordered Linsalato to stop running and lie on the ground, but he refused. Cypher caught Linsalato and pushed him to the ground. Linsalato physically resisted being handcuffed; the three officers managed to control and handcuff him. Cypher suffered an elbow abrasion during the scuffle.

Video cameras captured the pursuit as well as Linsalato throwing objects and rocks at the police station lobby door. At trial, the prosecutor played the video-recordings.

The jury convicted Linsalato of three counts of resisting an executive officer, and one count of felony vandalism. (§§ 69, 594, subd. (a).) In a separate proceeding, the trial court found that Linsalato served two prior prison terms within the meaning of section 667.5, subdivision (b), based upon earlier convictions for resisting an executive officer and felony vandalism.

On October 11, 2019, the trial court sentenced Linsalato to a total term of five years, consisting of an upper three-year term for one count of resisting an executive officer, and upper three-year terms to be served concurrently for the remaining counts. The court also imposed two one-year terms for the prior prison terms served. The court imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a $160 court security assessment, and a $120 criminal conviction assessment,

2

and awarded Linsalato 497 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)

Linsalato appeals and contends that:  1) the prior prison term enhancements must be struck pursuant to recent amendments to section 667.5, subdivision (b), and 2) the trial court may have abused its discretion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) in determining that the police personnel records of Officers Cypher, Decaro, and Vasconcelos contain no discoverable evidence.  The Attorney General concedes that the prior prison term enhancements must be struck and does not object to our independent *Pitchess* review.

*DISCUSSION*

*I.*

Linsalato asserts that we must strike the prior prison term enhancements in view of the amendment to section 667.5, subdivision (b).

Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to provide:  "[T]he court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ."  (Stats. 2019, ch. 590, § 1.)  Linsalato asserts that he cannot be punished for service of his prior prison terms because they were not served for any enumerated sexually violent offense.

" 'When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have

intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final.' " (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307.)

Linsalato's judgment is not yet final and thus Senate Bill No. 136 applies to him. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.) The Attorney General concedes. Accordingly, we modify the judgment to strike the two one-year prior prison term enhancements.

*II.*

Linsalato requests that we review the trial court's July 31, 2019, *Pitchess* proceedings to determine whether the court abused its discretion in finding no discoverable evidence. The Attorney General does not object. Prior to trial, Linsalato sought the personnel records of Cypher, Decaro, and Vasconcelos concerning complaints of excessive force, among other matters. The court then conducted an in camera hearing regarding citizen complaints against the officers and any discipline imposed. After reviewing the records, the court concluded that there was no discoverable information.

We have independently reviewed the sealed hearing transcript and conclude that the trial court properly followed *Pitchess* procedures. The court placed the custodian of records under oath, questioned the custodian carefully, and a court reporter transcribed the proceedings. The court ordered the transcript sealed and made a detailed record of the documents it reviewed. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226, 1229

4

[trial court should make a record of the documents it examined before ruling on the *Pitchess* motion and can do so by describing them on the record]; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 462 [same].)  The court did not abuse its discretion by concluding that there was no relevant evidence to be disclosed.

*DISPOSITION*

We modify the judgment to strike the two one-year prison term enhancements imposed pursuant to section 667.5, subdivision (b), and otherwise affirm.  We direct the trial court to prepare an amended abstract of judgment accordingly and to forward the amended abstract to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Mike Camacho, Jr., Judge

Superior Court County of Los Angeles

_____

Elizabeth H. Eng, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.